UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JENEDRA BINYARD,                                               13-CV-1152(WFK)(RML)

                      Plaintiff,

     -against-                                                          **SECOND AMENDED**
                                                                               **COMPLAINT**
                                                                          **AND JURY DEMAND**
BERNADETTE JEAN LOUIS, DETECTIVE ROSA
MCBRIdE AND DETECTIVE HENRY LAFONTANT,

                      Defendants.
-------------------------------------------------------------------------X

      Plaintiff JENEDRA BINYARD by her attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of Defendants BERNADETTE JEAN LOUIS, DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

      3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JENEDRA BINYARD is a black female, and at all relevant times a resident of the City and State of New York.

7. The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. The City of New York maintains the New York City Police Department, including all the police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, The City of New York.

9. The City of New York maintains the Administration for Children's Services.

10. That at all times hereinafter mentioned, BERNADETTE JEAN LOUIS was employed by the Administration of Children's Services.

11. That at all times hereinafter DETECTIVE ROSA MCBRIDE was employed by The City of New York.

12. That at all times hereinafter DETECTIVE HENRY LAFONTANT was employed by The City of New York.

13. That at all times hereinafter Defendants DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT acted within the scope of their employment for The City of New York.

14. That at all times hereinafter mentioned, Defendants DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT were acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City and State of New York, and under the authority of their office as police officers for said city and state.

15. That at all times hereinafter Defendant BERNADETTE JEAN LOUIS acted within the scope of her employment for the Administration of Children's Services.

16. That at all times hereinafter mentioned, Defendant BERNADETTE JEAN LOUIS was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City and State of New York, and under the authority of the office as an agent for said city and state.

## FACTS

17. That on April 27, 2012, at approximately 2:00 p.m., Plaintiff JENEDRA BINYARD came to BERNADETTE JEAN LOUIS' office as per Defendant's request to speak with her.

18. That, at the aforementioned time and place, Plaintiff JENEDRA BINYARD was suddenly accosted by members of the New York City Police Department including, but not limited to Defendants DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT.

19. That, at the aforementioned time and place, Defendants DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT, confined Plaintiff JENEDRA BINYARD in the office for five to six hours in which they repeatedly questioned and threatened her and forced her to take a urine sample without any reasonable grounds or probably cause to do so.

20. As a result of the foregoing, Plaintiff JENEDRA BINYARD sustained, *inter alia*, emotional distress, embarrassment, humiliation and deprivation of constitutional rights.

## AS AND FOR A CAUSE OF ACTION FOR FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983

21. Plaintiff JENEDRA BINYARD repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

22. From April 27, 2012 at 2:00 p.m. to April 27, 2012 at 8:00 p.m., Plaintiff JENEDRA BINYARD was falsely imprisoned by the Defendants who procured and/or effected said false imprisonment knowing their actions to be wrongful and malicious and without any basis.

23. The Defendants intended to confine Plaintiff JENEDRA BINYARD and Plaintiff

JENEDRA BINYARD was conscious of the confinement and did not consent to the confinement.

24. The Defendants' words, actions, and the charges laid by them were willful, malicious, false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning Plaintiff JENEDRA BINYARD and damaging Plaintiff in her reputation and depriving her of her liberty.

25. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants all committed under color of their authority as police officers and agent of the Administration of Children's Services, and while acting in that capacity, Plaintiff JENEDRA BINYARD suffered damage, all of which is in violation of her rights under the Constitution and laws of the United States and the State of New York.

**WHEREFORE** Plaintiff JENEDRA BINYARD demands judgment, jointly and severally, against Defendants BERNADETTE JEAN LOUIS, DETECTIVE ROSA MCBRIDE AND DETECTIVE HENRY LAFONTANT in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Three Million Dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
October 7, 2013

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By: Tracie A. Sundack (TS-7778)
Attorneys for Plaintiff
JENEDRA BINYARD
19 Court Street, 3rd Floor
White Plains, New York 10601
(914) 946-8100